SUZANNE MARY QUINN, Plaintiff-Appellant *v.* WILSHIRE INSURANCE COMPANY, a California-Corporation, Defendant and Third-Party Plaintiff Appellee *v.* SHELLY MOTORS, LTD., Third Party Defendant-Appellee

No. 5078

June 21, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This is an action against Wilshire Insurance Company, defendant and third-party plaintiff, upon a policy of automobile insurance issued to Miss Suzanne Mary Quinn, plaintiff-appellant, to recover for the loss of her automobile due to theft. In a jury waived trial the circuit court found for Wilshire by concluding that there was no loss suffered within the meaning of the insurance policy. Plaintiff has appealed from that judgment.

The issue on appeal is whether the circuit court erred in denying appellant recovery by applying the following exclusionary clause of the Wilshire policy:

*Exclusions.* This policy does not apply . . . . .

(j) to loss resulting from either the insured voluntarily parting with title and possession of any automobile as induced so to do by any fraudulent scheme, trick, device, false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage, committed by any person, including any employee entrusted by the insured with either custody or possession of the automobile.

For reasons set forth below, we reverse.

All of the facts in this case were agreed to by stipulation of the parties. The stipulation agreement clearly sets forth the following events and transactions. Appellant bought a 1966 MG Roadster automobile on March 30, 1970 from Honolulu Ford. The certificate of title was to be mailed by Honolulu Ford via the Department of Motor Vehicles to appellant upon proper registration. On April 21, 1970 appel-

lant loaned the automobile to Steven West, who had been residing with the appellant for approximately one month and who had been permitted to drive the automobile on numerous occasions prior to April 21, 1970. West disappeared that same day without ever returning the vehicle and on April 25, 1970 appellant reported the automobile as stolen to the police. Appellant never received the ownership papers from the Department of Motor Vehicles.

On April 22, 1970 Shelly Motors, Ltd., third-party defendant, purchased the automobile for value from Terry Hendrix who was listed as the registered and legal owner on the automobile ownership certificate. The Department of Motor Vehicles' records reflect that a sale was made between appellant and Hendrix on April 22, 1970. In the alleged sale of the automobile from appellant to Hendrix, the signature of appellant on the ownership certificate was a forgery. Hendrix and West knew each other and were known by appellant. Their whereabouts have remained unknown.

Appellant's central contention in arguing for reversal is that the Wilshire Insurance Company failed to prove each and every fact necessary to carry its burden of proof in setting forth the exclusionary clause as an affirmative defense. This jurisdiction has not had occasion to decide whether the burden of proving facts which bring a case within an exclusionary clause lies with the insurer or insured. We think the better rule is that whenever the insurer relies on an exclusionary clause of a policy as a defense to liability, it has the burden of proving facts which bring the case within the exclusion. This rule is not only consistent with the general rules of pleading and evidence, but also appears to be the general rule elsewhere. *See American Cas. Co. v. Mitchell,* 393 F.2d 452 (8th Cir. 1968); *Stevens Indus., Inc. v. Maryland Cas. Co.,* 391 F.2d 411 (5th Cir. 1968), *cert. denied,* 392 U.S. 926; *Southards v. Central Plains Ins. Co.,* 201 Kan. 499, 441 P.2d 808 (1968); *Whitlock v. Old American Inc. Co.,* 21 Utah 2d 131, 442 P.2d 26 (1968).

There is no disagreement among the parties that in order to invoke subparagraph (j) of the exclusionary clause it must be shown that the loss resulted from either (a) the insured voluntarily parting with title and possession of the automobile as part of a fraudulent scheme or. (b) from a theft committed by a person entrusted by the insured with either custody or possession of the automobile. The policy cannot be read to exclude from coverage the theft of an automobile from an entrustee by a third party.

In light of the stipulated facts of this case we fail to see how Wilshire Insurance Company has met its burden of proof. Wilshire neither alleged nor attempted to show a fraudulent scheme between appellant Quinn and West or Hendrix. Instead, Wilshire's defense focused on the provision excluding coverage when a theft has occurred by a person entrusted by the insured with either custody or possession of the automobile. It is uncontroverted that appellant entrusted West with her automobile on April 21, 1970. Likewise, appellant clearly demonstrated a theft of her automobile through a sale by Hendrix, to whom she had not given custody or possession, to Shelly Motors. Wilshire has failed, however, to show that West, the entrustee, was the person responsible for the loss of the automobile. There was no evidence to connect West with Hendrix, other than the fact that they knew each other and were known to appellant, nor is there anything in the record which would indicate that West and Hendrix worked together in any way to effect a theft of appellant's car. Thus, we think that the circuit court erred in its finding of fact and conclusion of law by stating that from the unexplained disappearance of West and the car it can reasonably be deduced that West stole the automobile, in spite of the fact that later there appears some other name than West on the stolen certificate of title as the new purchaser with the appellant's forged signature as the seller.

Defendant-appellee raised in its brief the additional question of whether a thief could convey valid title. This

question was never reached nor ruled upon by the circuit court because it held for defendant Wilshire Insurance Company and dismissed the action joining third-party defendant Shelly Motors, Ltd. Since defendant-appellee is not before this court on a cross-appeal, the question cannot be raised here.

We therefore reverse and order judgment in favor of plaintiff-appellant and against defendant-appellee.

*David C. Schutter* and *Philip Bogetto* for plaintiff-appellant.

*Wayne K. Kekina* (*Libkuman, Shimabukuro & Ventura* of counsel) for defendant and third-party plaintiff-appellee.

*Thomas L. Mui* for third-party defendant-appellee.